**RE TUAN WONG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General \*, Respondent.**

**No. 08–0142–ag.**

United States Court of Appeals, Second Circuit.

Aug. 3, 2009.

Dehai Zhang, Flushing, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Cindy S. Ferrier, Senior Litigation Counsel, Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Re Tuan Wong, a native and citizen of the People's Republic of China, seeks review of the December 14, 2007 order of the BIA denying his motion to reopen. *In re Re Tuan Wong*, No. A077 322 549 (B.I.A. Dec. 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

---

\* Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case. Fed. R.App. P. 43(c)(2).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Wong's untimely motion to reopen.

In his brief, Wong does not contest the BIA's finding that he failed to show changed conditions arising in China sufficient to excuse the untimely filing of his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Indeed, he concedes that he failed to make such a showing. In any event, we have previously reviewed the BIA's consideration of evidence similar to that which Wong provided with his motion, and have found no error in the BIA's conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See Jian Hui Shao,* 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (noting that the weight afforded to the evidence in immigration proceedings lies largely within the agency's discretion). Wong's argument that he should not have been required to show more than changed personal circumstances in order to reopen his removal proceedings is foreclosed by our decision in *Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006) (providing that changed country conditions are required for reopening beyond the 90–day

filing deadline; "[a] self-induced change in personal circumstances cannot suffice").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).